CT Corporation

**Service of Process Transmittal**
06/11/2020
CT Log Number 537773569

| | |
|---|---|
| **TO:** | Gabriela Lopez<br>UBER TECHNOLOGIES, INC.<br>1455 Market St Fl 4<br>San Francisco, CA 94103-1355 |
| **RE:** | **Process Served in Massachusetts** |
| **FOR:** | UBER TECHNOLOGIES, INC.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Emily M. Murray, Pltf. vs. Uber Technologies, Inc. and Frederick Q. Amfo, Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2082CV00371 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/11/2020 at 10:27 |
| **JURISDICTION SERVED :** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | - |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/11/2020, Expected Purge Date: 06/16/2020<br><br>Image SOP<br><br>Email Notification,  CLAIMS LIT  intake@uber.com<br><br>Email Notification,  Gabriela Lopez  gabriela.lopez@uber.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 866-665-5799<br>SouthTeam2@wolterskluwer.com |

Page 1 of  1 / SK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                           SUPERIOR COURT
                                                       CIVIL ACTION
                                                       NO. 2082CV00371

EMILY M. MURRAY, *Plaintiff(s)*

v.

UBER TECHNOLOGIES, INC.
and FREDERICK A. AMFO, *Defendant(s)*

### SUMMONS

To the above-named Defendant: Uber Technologies, Inc.

You are hereby summoned and required to serve upon . Victoria Santoro Mair, Esq. · Jennifer A. Denker, Esq. ·
plaintiff's attorney, whose address is Meehan, Boyle, Black and Bogdanow, P.C.
100 Cambridge Street, Suite 2105, Boston, MA 02114
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You are also required to file your answer to the
complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

WITNESS,   JUDITH FABRICANT, Esquire , at Boston MA the 5th

day of June , in the year of our Lord two thousand and twenty

Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption.
   If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

A true copy Attest. Joseph P Casey
Deputy Sheriff Suffolk County
6·11·20

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................., 20      , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

......................................................................................................................................................

......................................................................................................................................................

......................................................................................................................................................

Dated:                      , 20      ................................................................................

**N. B.  TO PROCESS SERVER:-**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON**
**DEFENDANT.**

```
                                    , 20        .
```

**COMMONWEALTH OF MASSACHUSETTS**
**NORFOLK, ss.**
**SUPERIOR COURT**
**CIVIL ACTION**
**NO.**
........................................, *Plaintiff*
v.
........................................, *Defendant*
**SUMMONS**
**(Mass. R. Civ. P.4)**

\.0

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                        SUPERIOR COURT



| | |
|---|---|
| EMILY M. MURRAY,<br><br>       Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC., and FREDERICK Q.<br>AMFO,<br><br>       Defendants. | CIVIL ACTION<br>NO.<br><br>**20     0372** |

## <u>COMPLAINT and DEMAND FOR TRIAL BY JURY</u>

1.   This case arises out of the sexual assault of Plaintiff by an Uber Technologies, Inc. ("Uber") driver, Defendant Frederick Q. Amfo, who has since fled the country to Ghana after criminal charges were brought against him for the sexual assault.

2.   Uber, a multi-billion-dollar transportation company and common carrier, has experienced phenomenal growth in large part due to its lax hiring and security screening processes. By its own admission in a 2017-2018 United States Safety Report available to the public, there were nearly 600 incidents of "attempted non-consensual sexual penetration" during Uber rides in the U.S. in 2017 and 2018 combined, of which Uber was aware. In addition, there were over 2800 incidents of "non-consensual touching of a sexual body part" and nearly 500 incidents of "non-consensual sexual penetration," i.e. rape in the two years combined. In well over 50% of these incidents the accused party was the Uber driver. Sexual assaults by Uber drivers against passengers are not isolated or rare occurrences. They are part of a pattern of heinous, but avoidable, attacks.

### <u>The Parties</u>

3.   Plaintiff, Emily M. Murray, is a resident of the town of Weymouth, Norfolk County, Commonwealth of Massachusetts.

4.   Defendant Uber Technologies, Inc. is a corporation organized under the laws of Delaware, and registered to do business in Massachusetts, with a principal place of business at 1455 Market Street, San Francisco, California.

-1-

5.    Defendant Frederick Q. Amfo is a resident of the city of Quincy, Norfolk County, Commonwealth of Massachusetts.

### Jurisdiction

6.    This Court has jurisdiction over the foreign Defendant Uber under Mass. Gen. L. c. 223A §3 because Plaintiff's causes of action arise from Uber's:

    a.    transacting business in the Commonwealth of Massachusetts;

    b.    contracting to supply services or things in the Commonwealth of Massachusetts;

    c.    causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or

    d.    causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business, and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts.

### Factual Background

7.    Defendant Uber is a popular and rapidly expanding transportation network company whose digital smartphone application (the "App"), called "Uber," allows individuals to order and pay for transportation through their phones.

8.    Individuals who have downloaded the App (also referred to herein as "users" or "riders") make a request through the App and Uber matches the rider with an Uber driver who, also signed into the Uber App, picks up the rider and drives them to their chosen destination.

9.    On April 8, 2018, at approximately 1:45 a.m., Plaintiff requested a ride through the Uber App from Quincy, Massachusetts, to her home in Weymouth, Massachusetts.

10.   Uber selected its driver, Frederick Q. Amfo to provide a ride to Plaintiff.

11.   Frederick Q. Amfo picked up Plaintiff, but instead of driving her directly to her requested destination, he parked his car on a poorly lit street, locked the doors, and raped Plaintiff in his vehicle.

12.   Defendant Amfo was arrested and charged with one count of rape. ICE subsequently issued an immigration detainer to the Weymouth Police Department for Amfo who was unlawfully present in the United States at the time that he assaulted Plaintiff.

13.     However, after his arraignment, Amfo posted bail and fled the United States, returning to his native country of Ghana.

14.     Defendant Amfo was under the direction and control of Defendant Uber and was acting within the course and scope of his employment. Uber drivers, including Amfo at the time of the assault, are employees of Uber.

    a.     Uber performs background checks on drivers before hiring them. Uber also retains the right to terminate drivers at will.

    b.     Uber chooses what information to provide to drivers and when to provide it. Uber typically does not disclose the rider's destination until the ride begins.

    c.     App users must pay Uber for the ride with a credit card authorized through the App. Uber retains control over customer contact information

    d.     Uber establishes the rate for a given ride (without driver input), collects the fare, pays the driver a share of the fare collected, and retains the remainder. Drivers may not negotiate fares. Uber drivers are generally unaware of the total amount Uber collects for a particular ride.

    e.     Drivers are required to follow a litany of detailed requirements imposed on them by Uber and they are graded, and are subject to termination, based on their failure to adhere to these requirements (such as rules regarding their conduct with customers, the cleanliness of their vehicles, their timeliness in picking up customers and taking them to their destination, what they are allowed to say to customers, etc.)

    f.     Uber requires drivers to accept all ride requests when logged into the app or face potential discipline

15.     Uber is a common carrier, statutorily and/or under common law principles, as it holds itself out as furnishing transportation to any and all members of the public who desire such service.

    a.     Uber is available to the general public through the App available for anyone to download to a smartphone. Uber sells rides and receives compensation in the same way that a private taxi service sells transportation services and receives compensation.

    b.     Uber policy prohibits drivers from refusing to provide services based on the rider's destination. By its own admission, Uber provides safe, affordable rides around the clock— regardless of what a person looks like, their income, background, or where they are going.

    c.       Uber complements existing transit systems, and provides rides to parts of cities where taxis do not go.

    d.       Neither drivers nor riders are charged a fee to download the Uber App. Uber's sole source of revenue is from charges to riders for trips taken.

    e.       Uber policy prohibits drivers from refusing to provide services based on race, religion, national origin, disability, sexual orientation, sex, marital status, gender identity, age or any other characteristic protected under relevant federal, state or local law.

    f.       Uber expects its drivers to comply with all relevant state, federal and local laws governing the transportation of riders with disabilities, including transporting service animals. Uber specially instructs its drivers on accessibility for riders with disabilities.

16.    As a common carrier, Uber is held to the highest affirmative duty to protect Plaintiff and other riders from harm, including from being raped and assaulted by their driver. Defendant Amfo, as a driver, was a transportation agent for Uber.

17.    To provide rides quickly and efficiently, Uber's business model depends upon having a large pool of drivers. To accomplish this, Uber solicits and retains tens of thousands of non-professional drivers.

18.    To become a driver for Uber, individuals, including Amfo, apply through Uber's website. The application process is entirely online and involves filling out a few short forms and uploading photos of a driver's license, vehicle registration, and proof of insurance. This streamlined, fast process is designed to allow Uber to hire as many drivers as possible while incurring minimal associated costs. Such cost saving, however, is at the expense of riders, especially female riders. Specifically, at no time during the application process does Uber or its third-party background check vendor, acting on Uber's behalf, do any of the following:

    a.       Conduct Live Scan biometric fingerprint background checks of applicants for comparison against Department of Justice and Federal Bureau of Investigation databases;

    b.       Conduct in-person interview of applicants or otherwise require in-person verification;

    c.       Verify vehicle ownership or conduct physical vehicle inspections;

    d.       Verify that social security numbers and other personal identification numbers submitted in the application process in fact belong to the applicants; or

e.  Require applicants to attend training classes of any sort, including training classes to prevent harassment or sexual assaults of riders.

19.  The Massachusetts Department of Public Utilities announced that in 2018 nearly 16% of drivers for ride-sharing companies (which includes both Uber and another similar company called Lyft) who had already passed Uber or Lyft's background checks were rejected by the state.

20.  Alarmingly, the state rejected 30,000 drivers. Among those rejected, it was reported that over 5,000 drivers were found to have a history of violent crime or because they are registered sex offenders.

21.  Moreover, Uber failed to implement safety policies and protocols, train its drivers on those policies and protocols, and enforce compliance with its policies and protocols. Specifically, Uber failed to implement safety measures that would protect its riders, including, but not limited to:

a.  Detection of rare events such as unexpected long stops, deviations from routes, or possible vehicle crashes;

b.  Connections for riders and drivers to 911 with the simple press of a button in the event of an emergency; the ability to share trip details and location automatically with first responders and/or designated loved ones who can then follow riders on their trip on a map in real time and know when the riders have arrived.

## COUNT I
### Negligence v. Uber

22.  Plaintiff incorporates and reasserts paragraphs 1 through 21 above as if set forth fully herein.

23.  Uber, as a common carrier, owed Plaintiff and the general public the highest duty of care to provide safe means and methods of transportation for its passengers.

24.  Uber breached the duty of care owed Plaintiff by failing to implement adequate safety and security measures, including adequate driver screening, background check procedures, ongoing monitoring of driver conduct while driving, and adequate ride safety measures.

25.  As a direct and proximate result of the negligence of Defendant Uber, Plaintiff was caused to suffer severe physical, mental and emotional injuries, extraordinary pain and suffering, loss of enjoyment of life and medical, psychological, financial and economic damages. Plaintiff will suffer many such damages and require counseling assistance, potentially for the rest of her life.

-5-

WHEREFORE, Plaintiff prays that judgment enter against Defendant in an amount which will fairly and adequately compensate the Plaintiff, plus interest, costs, attorneys' fees and such other relief as the Court may deem appropriate.

## COUNT II
### Negligent Hiring, Training, Retention, Supervision, and Management v. Uber

26.   Plaintiff incorporates and reasserts paragraphs 1 through 25 above as if set forth fully herein.

27.   At the time that Frederick Amfo sexually assaulted Plaintiff, Frederick Amfo was an agent and employee of Defendant Uber Technologies, Inc., he was under the direction and control of Defendant Uber Technologies, Inc. and was providing transportation to Plaintiff within the scope of his employment with Uber Technologies, Inc.

28.   Defendant Uber, as a common carrier, owed Plaintiff and the general public the highest duty of care in the hiring, training, retention, supervision, and management of its drivers to provide safe means and methods of transportation for its riders.

29.   Defendant Uber negligently hired, trained, retained, supervised, and/or managed the driver, Amfo, as set forth above. Uber knew or should have known that Defendant Amfo would be a danger to passengers and lead to a risk of the very type of danger and harm that occurred on April 8, 2018.

30.   As a direct and proximate result of the negligence of Defendant Uber, Plaintiff was caused to suffer severe physical, mental and emotional injuries, extraordinary pain and suffering, loss of enjoyment of life and medical, psychological, financial and economic damages. Plaintiff will suffer many such damages and require counseling assistance, potentially for the rest of her life.

WHEREFORE, Plaintiff prays that judgment enter against Defendant in an amount which will fairly and adequately compensate the Plaintiff, plus interest, costs, attorneys' fees and such other relief as the Court may deem appropriate.

## COUNT III
### Battery v. Uber and Frederick Amfo

31.   Plaintiff incorporates and reasserts paragraphs 1 through 30 above as if set forth fully herein.

32.   The acts committed against Plaintiff by Defendant Amfo, acting as an employee and agent of Defendant Uber, including the rape of Plaintiff, amounted to a series of unjustifiable, harmful, and offensive contacts to Plaintiff, all of which were done intentionally and without Plaintiff's consent.

-6-

33. Defendant Uber is liable for the actions of its agents and employees directly and under the doctrine of respondeat superior. Defendant is a common carrier who must carry passengers safely. As a common carrier, Defendant is vicariously liable for its employees' and agents' intentional and negligent torts, whether or not such acts were committed within the scope of employment.

34. As a direct and proximate result of the intentional misconduct of Defendant Amfo and the negligence of Defendant Uber, Plaintiff was caused to suffer severe physical, mental and emotional injuries, extraordinary pain and suffering, loss of enjoyment of life and medical, psychological, financial and economic damages. Plaintiff will suffer many such damages and require counseling assistance, potentially for the rest of her life.

WHEREFORE, Plaintiff prays that judgment enter against Defendants in an amount which will fairly and adequately compensate the Plaintiff, plus interest, costs, attorneys' fees and such other relief as the Court may deem appropriate.

## COUNT IV
### Assault v. Uber and Frederick Amfo

35. Plaintiff incorporates and reasserts paragraphs 1-34 above as if set forth fully herein.

36. The acts committed against Plaintiff by Defendant Amfo, acting as an employee and agent of Defendant Uber, including the rape of Plaintiff, amounted to a series of events that created a reasonable apprehension in Plaintiff of immediate harm by means of an overt gesture.

37. Defendant Amfo acted with intention to cause harmful and offensive contact, such that Plaintiff reasonably believed that she was about to be touched in a harmful and offensive manner. Plaintiff did not consent to Amfo's conduct.

38. Defendant Uber is liable for the actions of its agents and employees directly and under the doctrine of respondeat superior. Defendant is a common carrier who must carry passengers safely. As a common carrier, Defendant is vicariously liable for its employees' and agents' intentional and negligent torts, whether or not such acts were committed within the scope of employment.

39. As a direct and proximate result of the intentional misconduct of Defendant Amfo and the negligence of Defendant Uber, Plaintiff was caused to suffer severe physical, mental and emotional injuries, extraordinary pain and suffering, loss of enjoyment of life and medical, psychological, financial and economic damages. Plaintiff will suffer many such damages and require counseling assistance, potentially for the rest of her life.

WHEREFORE, Plaintiff prays that judgment enter against Defendants in an amount which will fairly and adequately compensate the Plaintiff, plus interest, costs, attorneys' fees and such other relief as the Court may deem appropriate.

## COUNT V
### False Imprisonment v. Uber and Frederick Amfo

40.     Plaintiff incorporates and reasserts paragraphs 1-39 above as if set forth fully herein.

41.     Defendant Amfo, incidental to and while carrying out his job duties and other acts authorized by Uber, locked his doors and refused to let Plaintiff exit his car. Amfo intentionally and unjustifiably confined Plaintiff in his car against her will for a significant period of time.

42.     Defendant Uber is liable for the actions of its agents and employees directly and under the doctrine of respondeat superior. Defendant is a common carrier who must carry passengers safely. As a common carrier, Defendant is vicariously liable for its employees' and agents' intentional and negligent torts, whether or not such acts were committed within the scope of employment.

43.     As a direct and proximate result of the intentional misconduct of Defendant Amfo and the negligence of Defendant Uber, Plaintiff was caused to suffer severe physical, mental and emotional injuries, extraordinary pain and suffering, loss of enjoyment of life and medical, psychological, financial and economic damages. Plaintiff will suffer many such damages and require counseling assistance, potentially for the rest of her life.

        WHEREFORE, Plaintiff prays that judgment enter against Defendants in an amount which will fairly and adequately compensate the Plaintiff, plus interest, costs, attorneys' fees and such other relief as the Court may deem appropriate.

## COUNT VI
### Intentional Infliction of Emotional Distress v. Uber and Frederick Amfo

44.     Plaintiff incorporates and reasserts paragraphs 1-43 above as if set forth fully herein.

45.     Defendant Amfo, while carrying out his job duties, engaged in conduct toward Plaintiff that is extreme and outrageous so as to exceed the bounds of decency in civilized society, namely, his raping an innocent, young woman who was a passenger in his Uber vehicle.

46.     Defendant Uber is liable for the actions of its agents and employees directly and under the doctrine of respondeat superior. Defendant is a common carrier who must carry passengers safely. As a common carrier, Defendant is vicariously liable for its employees' and agents' intentional and negligent torts, whether or not such acts were committed within the scope of employment.

47.     By their actions and conduct, Defendants intended to and did intentionally and recklessly cause Plaintiff to suffer severe emotional distress.

-8-

WHEREFORE, Plaintiff prays that judgment enter against Defendants in an amount which will fairly and adequately compensate the Plaintiff, plus interest, costs, attorneys' fees and such other relief as the Court may deem appropriate.

## PLAINTIFF'S DEMAND FOR TRIAL BY JURY AND VOIR DIRE

Plaintiff demands a trial by jury on each claim asserted, and on each defense so triable, and Plaintiff further makes demand for attorney-conducted voir dire to the greatest extent permissible.

The Plaintiff, By Her Attorneys,

MEEHAN, BOYLE, BLACK & BOGDANOW, P.C.


Leo V. Boyle, BBO No. 052700
LBoyle@Meehanboyle.com
Victoria Santoro Mair, BBO No. 679120
VSantoroMair@Meehanboyle.com
Jennifer A. Denker, BBO No. 697545
JDenker@Meehanboyle.com
Two Center Plaza, Suite 600
Boston, MA  02108-1922
(617) 523-8300

Date:   April 3rd, 2020

-9-

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2082CV00371 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Murray, Emily M. vs. Uber Technologies, Inc et al | | Walter F. Timilty, Clerk of Courts |
| TO: Victoria M Mair, Esq. Meehan, Boyle, Black & Bogdanow, P.C. 100 Cambridge St Suite 2101 Boston, MA 02114 | | COURT NAME & ADDRESS Norfolk County Superior Court 650 High Street Dedham, MA 02026 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                          **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 07/06/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 08/04/2020 | |
| All motions under MRCP 12, 19, and 20 | 08/04/2020 | 09/03/2020 | 10/05/2020 |
| All motions under MRCP 15 | 08/04/2020 | 09/03/2020 | 10/05/2020 |
| All discovery requests and depositions served and non-expert depositions completed | 02/01/2021 | | |
| All motions under MRCP 56 | 03/02/2021 | 04/01/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 07/30/2021 |
| Case shall be resolved and judgment shall issue by | | | 04/06/2022 |

The final pre-trial deadline is not the scheduled date of the conference. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 04/06/2020 | ASSISTANT CLERK | PHONE |
|---|---|---|

Date/Time Printed: 04-06-2020 12:47:47                                                       SCV020, 08/2015



| CIVIL ACTION COVER SHEET | DOCKET NUMBER 20  0371 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| | |
|---|---|
| PLAINTIFF(S): Emily M. Murray | COUNTY Norfolk |
| ADDRESS: 25 Waterford Drive, Weymouth, MA 02188 | |
| | DEFENDANT(S): Uber Technologies, Inc. (1455 Market Street, San Francisco, CA 94103) |
| | and Frederick Q. Amfo (195 Independence, Apt. 131, Quincy, MA 02169) |
| ATTORNEY: Leo V. Boyle, BBO# 052700, Victoria M. Mair, BBO# 679120 | |
| ADDRESS: & Jennifer A. Denker, BBO# 697545 | ADDRESS: |
| Meehan, Boyle, Black, & Bogdanow, P.C. | |
| 100 Cambridge Street, Suite 2101, Boston, MA 02114 | |
| BBO: | |

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. B04 & B99 | TYPE OF ACTION (specify) Other Negligence/Personal Injury & Other Tortious | TRACK F | HAS A JURY CLAIM BEEN MADE? ☒ YES ☐ NO |
|---|---|---|---|

*If "Other" please describe:

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................................................. $ 25,000.00
2. Total doctor expenses ..................................................................................... $
3. Total chiropractic expenses ............................................................................ $
4. Total physical therapy expenses .................................................................... $
5. Total other expenses (describe below) .......................................................... $ 25,000.00
   Subtotal (A): $

B. Documented lost wages and compensation to date ............................................ $
C. Documented property damages to dated ........................................................... $
D. Reasonably anticipated future medical and hospital expenses ........................... $
E. Reasonably anticipated lost wages .................................................................... $
F. Other documented items of damages (describe below) ....................................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Plaintiff was sexually assaulted by an Uber Technologies, Inc. driver, Frederick Q. Amfo.
TOTAL (A-F):$ 50,000.00
Expected to be in excess of:

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X *Victoria M. Mair / Bmst*      Date: 03 APR 2020

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X *Victoria M. Mair / Bmst*      Date: 04/03/2020

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality \***

AA1 Contract Action involving Commonwealth,
    Municipality, MBTA, etc. (A)
AB1 Tortious Action involving Commonwealth,
    Municipality, MBTA, etc. (A)
AC1 Real Property Action involving
    Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth,
    Municipality, MBTA, etc. (A)
AE1 Administrative Action involving
    Commonwealth, Municipality, MBTA,etc. (A)

**CN Contract/Business Cases**

A01 Services, Labor, and Materials (F)
A02 Goods Sold and Delivered (F)
A03 Commercial Paper (F)
A04 Employment Contract (F)
A06 Insurance Contract (F)
A08 Sale or Lease of Real Estate (F)
A12 Construction Dispute (A)
A14 Interpleader (F)
BA1 Governance, Conduct, Internal
    Affairs of Entities (A)
BA3 Liability of Shareholders, Directors,
    Officers, Partners, etc. (A)
BB1 Shareholder Derivative (A)
BB2 Securities Transactions (A)
BC1 Mergers, Consolidations, Sales of
    Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property (A)
BD2 Proprietary Information or Trade
    Secrets (A)
BG1 Financial Institutions/Funds (A)
BH1 Violation of Antitrust or Trade
    Regulation Laws (A)
A99 Other Contract/Business Action - Specify (F)

\* Choose this case type if ANY party is the
Commonwealth, a municipality, the MBTA, or any
other governmental entity UNLESS your case is a
case type listed under Administrative Civil Actions
(AA).

† Choose this case type if ANY party is an
incarcerated party, UNLESS your case is a case
type listed under Administrative Civil Actions (AA)
or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

D01 Specific Performance of a Contract (A)
D02 Reach and Apply (F)
D03 Injunction (F)
D04 Reform/ Cancel Instrument (F)
D05 Equitable Replevin (F)
D06 Contribution or Indemnification (F)
D07 Imposition of a Trust (A)
D08 Minority Shareholder's Suit (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting (A)
D11 Enforcement of Restrictive Covenant (F)
D12 Dissolution of a Partnership (F)
D13 Declaratory Judgment, G.L. c.231A (A)
D14 Dissolution of a Corporation (F)
D99 Other Equity Action (F)

**PA Civil Actions Involving Incarcerated Party †**

PA1 Contract Action involving an
    Incarcerated Party (A)
PB1 Tortious Action involving an
    Incarcerated Party (A)
PC1 Real Property Action involving an
    Incarcerated Party (F)
PD1 Equity Action involving an
    Incarcerated Party (F)
PE1 Administrative Action involving an
    Incarcerated Party (F)

**TR Torts**

B03 Motor Vehicle Negligence - Personal
    Injury/Property Damage (F)
B04 Other Negligence - Personal
    Injury/Property Damage (F)
B05 Products Liability (A)
B06 Malpractice - Medical / Wrongful Death (A)
B07 Malpractice - Other (A)
B08 Wrongful Death, G.L. c.229 §2A (A)
B15 Defamation (A)
B19 Asbestos (A)
B20 Personal Injury - Slip & Fall (F)
B21 Environmental (F)
B22 Employment Discrimination (F)
BE1 Fraud, Business Torts, etc. (F)
B99 Other Tortious Action (F)

**RP Real Property**

C01 Land Taking (F)
C02 Zoning Appeal, G.L. c. 40A (F)
C03 Dispute Concerning Title (F)
C04 Foreclosure of a Mortgage (X)
C05 Condominium Lien & Charges (X)
C99 Other Real Property Action (F)

**MC Miscellaneous Civil Actions**

E18 Foreign Discovery Proceeding (X)
E97 Prisoner Habeas Corpus (X)
E22 Lottery Assignment, G.L. c. 10 §28 (X)

**AB Abuse/Harassment Prevention**

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E(X)

**AA Administrative Civil Actions**

E02 Appeal from Administrative Agency,
    G.L. c. 30A (X)
E03 Certiorari Action, G.L. c.249 §4 (X)
E05 Confirmation of Arbitration Awards (X)
E06 Mass Antitrust Act, G. L. c. 93 §9 (A)
E07 Mass Antitrust Act, G. L. c. 93 §8 (X)
E08 Appointment of a Receiver (X)
E09 Construction Surety Bond, G.L. c. 149
    §§29, 29A (A)
E10 Summary Process Appeal (X)
E11 Worker's Compensation (X)
E16 Auto Surcharge Appeal (X)
E17 Civil Rights Act, G.L. c.12 §11H (A)
E24 Appeal from District Court
    Commitment, G.L. c.123 §9(b) (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c265 §56 (X)
E95 Forfeiture, G.L. c.94C §47 (F)
E99 Other Administrative Action (X)
Z01 Medical Malpractice - Tribunal only,
    G.L. c. 231 §60B (F)
Z02 Appeal Bond Denial (X)

**SO Sex Offender Review**

E12 SDP Commitment, G.L. c. 123A §12 (X)
E14 SDP Petition, G.L. c. 123A §9(b) (X)

**RC Restricted Civil Actions**

E19 Sex Offender Registry, G.L. c.6 §178M (X)
E27 Minor Seeking Consent, G.L. c.112 §12S (X)

## TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.